

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| SOILS CONTROL INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN MARIETTA MAGNESIA SPECIALTIES, L.L.C. and MIDWEST INDUSTRIAL SUPPLY, INC., <br><br> Defendants. | NO. A-03-CA-531-H |

### O R D E R

On this day came on to be considered Plaintiff Soils Control International, Inc.'s ("SCI") second motion for leave to file Plaintiff's second amended complaint. The Plaintiff's first such motion was denied on January 13, 2004. The second amended complaint which the Plaintiff attempted to file at that time contained two new causes of action: (1) a joint venture/partnership breach of contract claim against Defendant Martin Marietta Magnesia Specialties, L.L.C. ("Martin Marietta"); and (2) a misappropriation of trade secrets claim against Defendants Martin Marietta and Midwest Industrial Supply, Inc. ("Midwest"). Ultimately, this Court found that the Plaintiff failed to make the necessary showing of good cause with respect to either of the new causes of action. In this second motion for leave to file its second amended complaint, Plaintiff seeks only to add the joint venture/partnership breach of contract claim.

At present, Plaintiff is attempting to amend its complaint almost five months after the deadline to amend pleadings, which passed on October 18, 2003. While Rule 15(a)[1]'s familiar "when justice so requires" standard controls amendment of pleadings prior to the scheduling order deadline for filing amended pleadings, the Fifth Circuit recently made it "clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." **S&W Enter., L.L.C. v. Southtrust Bank of Ala.**, 315 F.3d 533, 536 (5th Cir. 2003). Consequently, amending a pleading beyond the expiration of the scheduling order deadline is now a two-step process: "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." **Id.** Thus, first, the Plaintiff must show good cause to amend; and second, the Plaintiff must satisfy the requirements of Rule 15(a).

Generally speaking, when Rule 16(b) applies, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines [could not have] reasonably [been] met despite the diligence of the party needing the extension.'" **Id.** at 535 (quoting CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Four factors are considered in determining good

---

[1] All citations to rules refer to the Federal Rules of Civil Procedure unless otherwise specified.

2

cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." **S&W Enter.**, 315 F.3d at 536 (internal quotations omitted) (citations omitted).

The Plaintiff explains the untimeliness of its motion as a result of an unfair pleading deadline and discovery foot-dragging on the part of Defendant Martin Marietta. With respect to the Plaintiff's complaint regarding the scheduling order, SCI offers no explanation why it did not seek an extension for the pleading deadline earlier. See **Navarro v. Microsoft Corp.**, 214 F.R.D. 422, 423 (N.D. Tex. 2003) (rejecting a similar argument based on what the Plaintiffs deemed an unfair pleading deadline because "Plaintiffs [failed to provide] an explanation for why they did not seek an extension of the deadlines set by the Court's Scheduling Order during the pendency of the mediation process."). Turning to the Plaintiff's allegations of delay on the part of Defendants in the discovery process, the Court is still unpersuaded that this represents "good cause" for allowing SCI to add a cause of action related to a joint venture/partnership. This is not an instance where, due to some information produced during discovery, a new violation or act has been unearthed. Indeed, if a joint venture/partnership between SCI and Martin Marietta did in fact exist, surely SCI did not need discovery to learn of its existence.

3

In essence, the Plaintiff is seeking to add a claim for the breach of a joint venture/partnership agreement of which it was obviously aware on the day the lawsuit was filed.

SCI wrongly contends that the "good faith" requirement of Rule 11 required it to obtain evidence of the joint venture/partnership agreement prior to pleading such a claim. Specifically, Plaintiff argue that the emails included in Martin Marietta's December 3, 2003 supplemental discovery response contained evidence of a joint venture/partnership agreement necessary to plead the related claim. However, Rule 11 does not require a plaintiff to have evidentiary support when making a claim; rather, the allegations contained in the complaint need only be "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3).

In contrast, the non-controlling case cited by the Plaintiff to support its argument, **Enzo Life Sciences, Inc. v. Digene**, involved a cause of action that invoked the particularized pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. 270 F. Supp. 2d 484, 489 (D. Del. 2003). The Court concedes that in the Rule 9(b) context, it makes much more sense to allow amended pleadings when a party has used the discovery process to verify a claim, as plaintiffs in such situations are "prudent and possibly required to confirm the factual allegations through discovery." **Id.** However, Rule 9(b) - which is limited to averments of fraud,

4

mistake, and condition of the mind - does not apply in the instant matter. FED. R. CIV. P. 9(b). Thus, given the plain language of Rule 11, the argument asserted by the Plaintiffs here - that, in essence, it needed to gather evidentiary support prior to pleading - does not present a compelling reason for granting leave to file an amended complaint at this late date.

Regarding the second factor, based on the damage reports offered by the Plaintiff it does appear that the claim it seeks to add has some importance. **See** Pl.'s Second Mot. for Leave to File Pl.'s Second Am. Compl. at 5. Nevertheless, the two remaining factors, prejudice and the availability of continuance, both weigh against granting the Plaintiff's motion for leave. Though Plaintiff claims to have alerted Defendant Martin Marietta to its joint venture/partnership claim as early as December 5, 2003, it did not actually file its motion for leave to amend its complaint until December 23, 2003. **See** Pl.'s Second Mot. for Leave to File Pl.'s Second Amend. Compl. at 5. As the motion was denied on January 13, 2004, the period during which Defendant Martin Marietta had reason to believe it should prepare for such a claim was at most barely more than a month, and, perhaps more accurately, a little over two weeks. Because Defendant Martin Marietta has not had an adequate amount of time to prepare for this claim, and the trial date is within the month, Martin Marietta would be prejudiced without a continuance.

However, the fourth factor, the availability of a continuance, weighs against SCI as well. While a continuance could be granted for additional discovery, doing so would unnecessarily delay the fast-approaching trial - currently scheduled for March 29, 2004. The "'power to control their dockets by refusing to give ineffective litigants a second chance to develop their case,'" is well within the discretion of this Court. **S&W Enter.**, 315 F.3d at 537 (quoting **Reliance Ins. v. La. Land & Exploration Co.**, 110 F.3d 253, 258 (5th Cir. 1997)).

It is therefore ORDERED that Plaintiff's second motion for leave to file second amended complaint to include a joint venture/partnership breach of contract cause of action be, and it is hereby, DENIED.

SIGNED AND ENTERED this 4th day of March, 2004.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE